█ In the Matter of the Claim of AMELIA MOLINARI, Respondent, against DODGE PLUMBING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from the decision of the Workmen's Compensation Board, one member dissenting, which awarded death benefits to the widow. The decedent was employed as a plumber. On July 5, 1955 he was working on an air-conditioning unit in a basement and one Christian Atkins, a fellow employee, was the only other person present. From the testimony of Atkins it appears that he was not working on the air-conditioning unit with the decedent but rather was in another part of the basement cutting a hole through a partition. Atkins stated that the air-conditioner was situated in a corner and that it was a very tight squeeze to get behind it to perform the work which had to be done. That the decedent was connecting a waste pipe using two-inch galvanized pipe which he cut himself. That in connecting the pipe he used a two-foot Stillson wrench which in

Atkins' opinion would not give enough leverage and that there was insufficient space behind the unit to do the work the decedent was doing. He stated that strain would be necessary to perform the work and although he had not been watching the decedent he knew he was working on the air-conditioner that morning, and had been just before he complained of the pains in his chest at about 9:30 A.M. The decedent then went upstairs and Atkins was later called up at about 2:00 P.M., when he found the decedent lying on a counter. The decedent died at 3:55 P.M. as the result of a plaque closing the lumen in his right coronary artery. The claimant's medical witness was Dr. Burstein, an expert on cardiovascular diseases. He testified that there was a direct relationship between the decedent's physical exertion and his death which was caused by a coronary occlusion. Dr. Weinberg who performed the autopsy testified that it was speculative to say that the closure of the lumen was caused by the decedent's work and that it was, rather a consequence of his pre-existing coronary arteriosclerosis. The carrier's medical expert, Dr. Clark, testified the closure was due to arterosclerotic processes and had nothing to do with the decedent's activities. The Referee awarded death benefits to the widow and the Workmen's Compensation Board, with one member dissenting, affirmed his award finding that death was due to the decedent's unusual strain and exertion superimposed on a pre-existing arteriosclerosis causing a coronary occlusion. The board could properly find, as it did, that the decedent was working in a tight corner on an air-conditioner and that in so doing he exerted unusual strain and effort. Atkins stated several times that the decedent was working on the air-conditioner on the morning in question and he also stated that he could hear the decedent working in the other room if he made any noise. It is also apparent from Atkins' testimony as to what happened when the decedent complained of pains in his chest that he had been working on the air-conditioner: " Q. What did he do next? A. He was still working on [this] air-conditioning unit. When I came out to get a chisel, he came over to the tool box too. He told me [he] had pains in his chest". Atkins was a plumber, and inasmuch as he had knowledge of the conditions under which the decedent was working and the equipment which he was using the board was free to accept his opinion that it was difficut work involving strain. Thus the board could properly find that the work being done was unusual in view of the cramped working conditions and also that the strain and exertion involved was more than the " ordinary wear and tear of life ". The medical testimony here was in conflict, with Dr. Burstein testifiying that the usual strain caused the plaque to break off and plug the lumen and Drs. Clark and Weinberg testifying that strain does not cause this type of heart injury and that the closing of the artery was due solely to the progression of the claimant's arteriosclerotic condition. Thus the board was presented with a question of fact which it resolved in favor of the claimant and its determination should not be disturbed. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.